Ben A. Snipes
Ross T. Johnson
ODEGAARD KOVACICH SNIPES, P.C.
P.O. Box 2325
Great Falls, MT  59403
(406) 222-2222
ben@mtlawyers.com
ross@mtlawyers.com

Michael J. McKeon, Jr.
McKEON LAW, PLLC
P.O. Box 3329
Butte, MT 59701
(406) 494-8890
michael@themckeonlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION
_____

| | | |
|---|---|---|
| JOHN BERGER, as Personal Representative for the Estate of LINDA MARIE BERGER, Deceased, | ) ) ) ) ) | CAUSE NO. _CV-22-26-GF-BMM_____ |
| Plaintiff, | ) ) ) | **COMPLAINT AND JURY DEMAND** |
| vs. | ) ) | |
| USF REDDAWAY, INC.; and DOES 1-10, | ) ) ) | |
| Defendants. | ) | |

_____

COMES NOW Plaintiff, John Berger, as Personal Representative for the Estate of Linda Marie Berger, demanding trial by jury, and for his complaint against the Defendants, alleges as follows:

## PARTIES

### 1.

Plaintiff, John Berger, is the duly appointed Personal Representative of the Estate of Linda Marie Berger, having been appointed in the Matter of the Estate of Linda Marie Berger, Deceased, filed in the Montana Eighth Judicial District Court, County of Cascade, Montana, Cause No. DDP-22-0005. Decedent, Linda Marie Berger ("Ms. Berger"), was at all times relevant to this action a citizen and resident of Great Falls, Cascade County, Montana.

### 2.

Defendant, Reddaway, Inc. ("Reddaway"), is a for-profit Oregon corporation registered to do business in Montana. At the time of the incident at issue in this lawsuit, Reddaway was delivering products via tractor-trailer in Great Falls, Montana. The Reddaway tractor-trailer was being driven by its employee Jason Hicks ("Hicks").

### 3.

The true names and capacities of the Defendants named herein as Does 1-10 are unknown to Plaintiff, who therefore brings this action against said Defendants by such fictious names. Plaintiff will seek leave to amend the Complaint to state the

**COMPLAINT AND JURY DEMAND**-2

true names and capacities of Does 1-10 when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were caused by said Defendants' acts or omissions. Defendant Does 1-10 are natural persons, corporations, partnerships, joint ventures, or other legal entities who negligently and/or unlawfully caused or contributed to Plaintiff's damages as herein alleged.

## JURISDICTION AND VENUE

### 4.

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), because this is a civil action between citizens of different states and a citizen of a foreign state and where the matter in controversy exceeds $75,000, exclusive of interest and costs.

### 5.

Plaintiff, John Berger, the Personal Representative for the Estate of Linda Marie Berger, deceased, is a citizen of Montana; Linda Marie Berger was a citizen of Montana; and Reddaway is a citizen of Oregon.

### 6.

Plaintiff seeks damages which exceed $75,000.

**7.**

Venue is proper in the Great Falls Division of the Court because Reddaway is a corporation incorporated in a state other than Montana and the incident took place in Great Falls, Montana.

## GENERAL ALLEGATIONS

**8.**

Just before 8:00 a.m. on November 19, 2021, Ms. Berger was traveling westbound on her bicycle on the south sidewalk of Central Avenue West toward the intersection of 3rd Street Southwest and Central Avenue West in Great Falls, Montana.

**9.**

At the same time, the Reddaway tractor-trailer being driven by Hicks was traveling towards Central Avenue West by way of 3rd Street Southwest. The intersection of 3rd Street Southwest and Central Avenue West has a crosswalk, a stop-line, and a traffic signal. When Hicks approached the traffic signal in the Reddaway tractor-trailer, the light was red. Hicks was obligated to stop and yield to both pedestrians and traffic traveling on Central Avenue West.

**10.**

As the Reddaway tractor-trailer driven by Hicks approached the intersection with Central Avenue West, Hicks tried to roll through and take a right turn without

**COMPLAINT AND JURY DEMAND-4**

stopping. As Hicks approached the intersection, a vehicle traveling east on Central Avenue West forced Hicks to actually stop. By the time Hicks stopped, he was well past the stop-line, the crosswalk, and had nosed out into the intersection. Concurrently, Ms. Berger proceeded into the crosswalk straddling her bicycle— believing the Reddaway tractor-trailer would come to a complete stop for her to cross. Despite having a red light, and despite Ms. Berger being in the crosswalk on her bicycle, Hicks failed to come to a complete and legal stop before proceeding into the Central Avenue West roadway with the Reddaway tractor-trailer.

## 11.

After failing to come to a complete stop at the stop-line and failing to observe his surroundings, Hicks continued through the intersection and struck Ms. Berger. After striking Ms. Berger, Ms. Berger yelled and hit the truck to try and get it to stop. Witnesses honked at and chased down Hicks to get him to stop. Unfortunately, Hicks and the Reddaway tractor-trailer continued traveling on Central Avenue West running Ms. Berger over with the steering tire, the drive tires, and eventually the trailer tires. Hicks and his Reddaway tractor-trailer drug Ms. Berger nearly 300 feet before stopping. Hicks struck, terrified, injured, and eventually killed Ms. Berger with his semi-truck and trailer.

**COMPLAINT AND JURY DEMAND**-5

**12.**

After Ms. Berger was struck by Reddaway's semi-truck, she survived for an appreciable period of time prior to being subsequently ran over by the drive tires and the trailer tires, eventually succumbing to her injuries.

**13.**

Reddaway's actions were negligent and violated Montana motor vehicle statutes.

**14.**

At all times relevant hereto, Hicks was acting in the course and scope of his employment with Reddaway, and in furtherance of the business interests of Reddaway.

**15.**

At all times relevant herein, Hicks was employed by, and was an agent, servant, and employee of Reddaway.

**16.**

Hicks' actions as set forth herein were committed in the course and scope of his employment with Reddaway.

**17.**

As Hicks' employer, Reddaway is responsible for Hicks' acts of negligence committed within the course and scope of his employment by virtue of *respondeat superior*.

**18.**

Reddaway is vicariously liable for Hicks' actions while working in the course and scope of his employment.

**19.**

The actions and conduct of Reddaway by way of its employee, Hicks, were negligent and unlawful. The actions and conduct of Reddaway by way of its employee, Hicks, caused Ms. Berger and her estate to suffer significant damages as pled herein.

## FIRST CAUSE OF ACTION
### (Negligence against Reddaway)

**20.**

Plaintiff realleges paragraphs 1 through 19 above and adopts the same as if fully set forth in this First Cause of Action.

**21.**

Reddaway owed a duty to other persons on Montana's roadways, including Ms. Berger, to ensure its tractor-trailer was operated safely and reasonably.

**22.**

Reddaway breached its duty by the manner in which its employee, Hicks, operated his tractor-trailer on November 19, 2021. Reddaway's negligence, by way of Hicks, consisted of Hicks driving the Reddaway tractor-trailer inattentively, carelessly, and/or failing to operate the tractor-trailer safely and prudently.

**23.**

As a direct and proximate result of Reddaway's negligence as herein alleged, Ms. Berger suffered significant damages, including but not limited to, physical and emotional injuries and Ms. Berger wrongfully and prematurely lost her life thereby causing Plaintiff to incur significant damages as alleged herein.

**SECOND CAUSE OF ACTION**
**(Negligence per se against Reddaway)**

**24.**

Plaintiff realleges paragraphs 1 through 23 above and adopts the same as if fully set forth in this Second Cause of Action.

**25.**

Immediately prior to the above-described incident, Hicks entered the roadway at Central Avenue West in the Reddaway tractor-trailer and failed to come to a complete stop both at the clearly marked stop line and at the red light controlling the intersection in violation of §§ 61-8-207(3)(b) & (c)(ii); 61-8-207(4); and 61-8-201, MCA.

**COMPLAINT AND JURY DEMAND**-8

**26.**

When Hicks entered the roadway at Central Avenue West in the Reddaway tractor-trailer, he did not exercise due care to avoid a collision with a pedestrian in violation of § 61-8-504, MCA.

**27.**

Sections 61-8-207, 61-8-201, and 61-8-504, MCA, were enacted to protect other persons on the roadway and nearby pedestrians, including Ms. Berger, from the exact type of crash at issue in this lawsuit.

**28.**

By way of its employee, Hicks, Reddaway violated the motor safety laws listed above resulting in negligence per se.

**29.**

As a direct and proximate result of Reddaway's negligence as herein alleged, Ms. Berger suffered significant damages, including but not limited to, physical and emotional injuries and Ms. Berger wrongfully and prematurely lost her life thereby causing Plaintiff to incur significant damages as alleged herein.

## DAMAGES

**30.**

As a direct and proximate result of the unlawful conduct of Reddaway, through its employee, Hicks, as herein alleged, Ms. Berger's close family members

have been deprived of her society, companionship, comfort, protection, and support. Also, as a direct and proximate result of said unlawful conduct, they have also suffered great sorrow, grief, and mental anguish by reason of her excruciatingly painful suffering and death.

## 31.

As a direct and proximate result of the foregoing events and the wrongful acts and conduct of Reddaway, Ms. Berger suffered serious injuries and died. Said injuries resulted in damages to her and her estate, both prior to and after her death, including mental and physical pain and suffering, lost wages and loss of earning capacity, and funeral and burial expenses, each for which this survival action is brought on behalf of the Estate of Linda Marie Berger.

## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment of and from Defendants for all damages allowed by law within the jurisdiction of this Court, together with costs of

suit and for all such other and further relief to which Plaintiff may be justly entitled, including but not limited to:

1.  All damages, special and general, recoverable under Montana law including, but not limited to, all economic and non-economic damages, survival damages, and wrongful death damages in a reasonable sum to be proven at trial;

2.  All recoverable costs; and

3.  Such other and further relief as the Court may deem equitable and just.

Dated this 8th day of March, 2022.

ODEGAARD KOVACICH SNIPES, PC
and
McKEON LAW, PLLC

By:  /s/ Ross Johnson                 ___
        Ross T. Johnson
        P.O. Box 2325
        Great Falls, MT 59403
        Attorneys for Plaintiff